THE STATE OF OHIO, APPELLEE, *v.* KINNEY, APPELLANT.

(No. C-810812—Decided October 13, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Stephen J. Fagel,* for appellee.

*Mr. Michael J. Wiethe,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

This timely appeal follows a bench trial wherein appellant was convicted of interference with custody, a violation of R.C. 2919.23.

The record reveals that appellant, Lloyd Michael Kinney, and his fourteen-year-old girlfriend planned to move to the state of Kentucky to live together in a trailer appellant had purchased. On February 13, 1981, appellant picked the girl up in Ohio and the two drove to the trailer in Kentucky where they lived for six months. The girl's parents did not know her whereabouts until appellant returned her six months later in a pregnant condition.[1] The parents had no knowledge of the plan.

Appellant's first assignment of error states:

"The trial court erred to the prejudice of defendant in determining that it had jurisdiction of the defendant in the subject matter before it."

R.C. 2919.23 states in pertinent part:

"(A) No person, knowing he is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor any of the following persons from his parent, guardian, or custodian:

"(1) A child under the age of eighteen, or a mentally or physically handicapped child under the age of twenty-one;"

Appellant was charged in the complaint with violating R.C. 2919.23 by knowingly and without permission harboring a girl under eighteen years of age.

Jurisdiction in an Ohio criminal case is controlled by R.C. 2901.11, which states:

"(A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:

"(1) He commits an offense under the laws of this state, any element of which takes place in this state;

"* * *

"(D) When an offense is committed under the laws of this state, and it appears beyond a reasonable doubt that the offense or any element thereof took place either in Ohio or in another jurisdiction or jurisdictions, but it cannot reasonably be determined in which it took place, such offense or element is conclusively presumed to have taken place in this state for purposes of this section."

Appellant argues that the element of harboring did not take place in Ohio. No reported appellate decision has defined the word "harbor" under this section.

---

[1] The couple has since married with parental permission.

The state argues that the act of harboring began in Ohio when appellant allowed the girl to enter his automobile for the admitted purpose of giving her lodging, shelter or refuge. We agree with the state and overrule the first assignment of error.

Appellant's second assignment of error states:

"The court erred to the prejudice of the defendant in overruling his motion for acquittal under Rule 29, Ohio Rules of Crim. Procedure, and of finding him guilty of a violation of O.R.C. § 2919.23."

We find no merit in this assignment as the record contains substantial evidence as to the presence of all elements of the offense and upon which reasonable minds could reach different conclusions as to proof beyond a reasonable doubt.

The judgment of the court below is affirmed.

*Judgment affirmed.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.