The STATE of Ohio, Appellee,

v.

KELLY, Appellant.■

[Cite as *State v. Kelly* (1993), 89 Ohio App.3d 320.]

Court of Appeals of Ohio,
Henry County.

No. 7–92–14.

Decided June 15, 1993.

*John H. Hanna,* Henry County Prosecuting Attorney, for appellee.

*Spiros P. Cocoves,* for appellant.

---

Hadley, Judge.

This is an appeal by defendant-appellant, Wayne Kelly, from the judgment of the Common Pleas Court of Henry County finding him guilty of abduction in violation of R.C. 2905.02, an aggravated felony of the third degree and rape in violation of R.C. 2907.02, an aggravated felony of the first degree.

In the early morning hours of November 9, 1991, appellant went to the apartment of his estranged wife, Teresa Kelly ("Teresa"), located in Napoleon, Henry County, Ohio. Once inside the apartment, appellant struck Teresa in the face with his .357 Magnum, causing a laceration. He then ordered Teresa to pack up their two sons and herself. After she finished packing, appellant, Teresa and their two sons left Napoleon for Alabama.

Once in the vehicle, appellant placed his gun on the floorboard by his feet. Appellant drove from Napoleon, Ohio, through Kentucky and stopped for the evening at a hotel in Tennessee. In the motel room, appellant forced Teresa to have sexual intercourse while their sons were awake in the next bed.

The next morning, appellant, Teresa and their sons then drove to Newville, Alabama. Teresa and her sons stayed with appellant in Newville on November 10, 11 and 12. On November 13, 1991, Teresa and her boys left appellant's home and went to the women's shelter in Dothan, Alabama. Teresa divorced appellant while staying at the shelter.

Teresa and her sons returned to Napoleon, Ohio, the first part of February 1992. Appellant was indicted on March 11, 1992, for kidnapping and rape. After a jury trial, appellant was found guilty of abduction and rape and sentenced to not less than five years nor more than ten years for the abduction and not less than eight years nor more than twenty-five years for the rape, the sentences to be served consecutive to one another for a total of not less than thirteen years nor more than thirty-five years, the minimum to be served as actual incarceration. It is from this judgment that appellant timely appeals and asserts three assignments of error.

## ASSIGNMENT OF ERROR NO. I

"Mr. Kelly was deprived of his constitutional right to a fair trial and his due process rights were violated due to the failure of the trial court to exclude references to prior instances of other acts evidence as requested by counsel for Mr. Kelly."

Appellant asserts that the trial court erred in allowing Teresa to testify about prior instances of domestic violence in violation of Evid.R. 404(B).[1]

The trial court stated that the prior acts of domestic violence were admissible in that:

"I think that fits within the scheme, plan, pattern, and *I think it also goes to her state of mind which I think has some relevance in terms of why she did what she did.* But it has to be related to something that the defendant did or said he would do because otherwise her state of mind is not at issue, but it is at that point." (Emphasis added.)

In *State v. Curry* (1975), 43 Ohio St.2d 66, 73, 72 O.O.2d 37, 41, 330 N.E.2d 720, 725, the court stated that scheme, plan or system evidence is relevant when the other acts form part of the immediate background of the alleged act which forms the basis of the crime charged. In order to be admissible, the "other acts" testimony must concern events which are inextricably related to the crime charged. The "other acts" evidence needs to show that the accused has committed similar crimes within a period of time reasonably near to the crime charged and that a similar scheme, plan or system was used to commit both the crime charged and the other crimes. *State v. Coleman* (1988), 37 Ohio St.3d 286, 292, 525 N.E.2d 792, 798.

In the case *sub judice,* the testimony of prior domestic violence does not fall within Evid.R. 404(B). These incidents are not inextricably related to the crimes charged nor do these incidents form the basis of the crimes charged. However, the prior incidents of domestic violence are admissible to show Teresa's state of mind. Teresa and appellant were together for nine years. Teresa testified that during those nine years appellant physically abused her and that the abuse escalated during the last years of their marriage, thereby forcing Teresa and her sons to seek refuge in the women's shelter in Dothan, Alabama. They then left the shelter for Columbus, Ohio as appellant was harassing her at the shelter. When appellant found out they were in Columbus, they moved to Napoleon, Ohio.

Teresa testified that the reason she did not try to escape or retaliate was that she knew that appellant would either physically abuse her or that he would kill

---

1. Appellant asserts a Evid.R. 404(B) argument but quotes Evid.R. 405 in his brief.
   Evid.R. 404(B) states:
   "Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

her and that she could tell that he was capable of becoming violent towards her by the tone of his voice. Teresa also testified that the reason she did not scream when appellant forced her and their sons to get into the car was because of an earlier incident when he beat her for screaming. Teresa further testified that she was afraid that appellant would shoot her as he had threatened on the morning of November 9 and that he constantly had the gun in his possession. Thus, the incidents of prior domestic violence were relevant to Teresa's state of mind and why she did not try to escape from appellant or summon the police. This bears directly upon the elements of "privilege" and "force" inherent to the charges of kidnapping and abduction in this case. Therefore, appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

"The trial court erred to the prejudice of Mr. Kelly by denying his motion to dismiss the rape charge for the reason that the act of sexual intercourse took place outside of the jurisdiction of the court."

Appellant argues that Henry County, Ohio does not have jurisdiction of the charge of rape as all elements of the rape occurred in Tennessee and that since the jury found him not guilty of kidnapping but guilty of the lesser included offense of abduction, he cannot be found guilty of rape. Appellant does not cite any authority for his contention.

The state argues that Henry County, Ohio has jurisdiction as the rape was part of a continuing course of conduct that started in Henry County, Ohio when appellant at gun point forced Teresa to leave Napoleon.

The trial court instructed the jury as follows:

"[T]he second count depends upon proof that the rape was a part of a continuing course of conduct which began here at Henry County, Ohio on or about November 9th. I want you to know that you do not have to find that the sexual conduct itself took place at Henry County, Ohio if you find that it was part of a continuing course of conduct which began here." [2]

R.C. 2901.11(A)(1) states:

"A person is subject to criminal prosecution and punishment in this state if any of the following occur:

---

**2.** Appellant states in his brief that he noted his continuing objection to the course of conduct rationale. However, appellant is not asserting that the trial court erred in its jury instruction in this appeal.

"(1) He commits an offense under the laws of this state, any element of which takes place in this state."

■ Herein, the abduction began in Napoleon, Henry County, Ohio and continued until Teresa was safely able to leave with her sons. As there was a continuous, unbroken sequence of events from the time he forced Teresa to leave Napoleon until the culmination of the rape in Tennessee, Henry County, Ohio, has jurisdiction over the charge of rape. See *State v. Kinney* (1982), 7 Ohio App.3d 243, 7 OBR 322, 455 N.E.2d 530; *State v. Shrum* (1982), 7 Ohio App.3d 244, 7 OBR 323, 455 N.E.2d 531.

■ Appellant then argues that since he was found not guilty of kidnapping but guilty of the lesser included offense of abduction, he cannot be found guilty of rape. Once again appellant has not cited any authority for his contention. Appellant's argument is misguided and without merit. The fact that appellant was found guilty of abduction instead of kidnapping does not automatically break the continuous sequence of events. Appellant forced Teresa at gun point to leave her apartment in Napoleon. The mere fact that appellant may have not had the intent to engage in sexual activity at the time of the abduction does not cause the chain of events to be broken. Appellant, at the time of the rape, was still using force or threat of force against Teresa. Therefore, the abduction that had begun in Ohio had not terminated in Tennessee and the finding of guilty on the charge of rape is not inconsistent when viewed in the totality of the circumstances. Consequently, appellant's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. III

"The trial court erred to the prejudice of appellant by denying the motion for directed verdict presented by the defense at the conclusion of the trial."

Appellant argues that the trial court erred in not granting his motion for judgment of acquittal pursuant to Crim.R. 29 as there was insufficient evidence to find him guilty.

■ Appellant's case-in-chief was presented to the jury through videotaped depositions. These videotape depositions were transcribed but were not attached to appellant's brief as required by App.R. 9(A).

App.R. 9(A) states in part:

"When the transcript of proceeding is in the videotape medium, counsel *shall* type or print those portions of such transcript necessary for the court to

determine the questions presented, certify their accuracy, and *append such copy of the portions of the transcripts to their briefs.*" (Emphasis added.)

As appellant did not append the transcript of the videotaped depositions to his brief, this evidence is not properly before this court pursuant to App.R. 9(A). However, in the interest of justice we will review the transcripts as it relates to appellant's third assignment of error.

The court in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus, stated:

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

■ After reviewing the evidence, it is sufficient to establish that reasonable minds could reach different conclusions as to whether there was a continuing course of conduct which began in Henry County, Ohio and that the rape occurred during the course of the abduction. Therefore, Henry County, Ohio had jurisdiction to find appellant guilty of rape and appellant's third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW and BRYANT, JJ., concur.

THOMAS F. BRYANT, Judge, concurring separately.

I agree with the majority's disposition and write separately only to clarify my reasons for doing so.

In the first assignment of error, the majority holds that the evidence of other acts is admissible, but does not set forth the authority for such admissibility. While I agree that the evidence of other acts is admissible in this case, I would find such evidence admissible under R.C. 2945.59 as it tends to show the appellant's scheme, plan or system in committing the crimes for which he was convicted.

The majority finds that the prior acts of domestic violence "were relevant to Teresa's state of mind and why she did not try to escape from appellant or summon the police. This bears directly upon the elements of 'privilege' and 'force' inherent to the charges of kidnapping and abduction in this case." This

court has previously held that the fact that a victim may have escaped at some point is not an element of the offense of abduction, so "it has no bearing on whether a trier of fact could find that the Appellant committed the essential elements of abduction." *State v. Hensley* (June 2, 1991), Crawford App. No. 3–90–16, unreported.

I do not agree that the evidence of prior acts of domestic violence are admissible to show the victim's state of mind. I believe the victim's state of mind is irrelevant. While the trial judge stated that evidence of those prior acts shows the victim's state of mind and why she may have acted in a particular manner, he also stated that "it has to be related to something that the defendant did or said he would do because otherwise her state of mind is not at issue * * *." I believe the trial judge ruled correctly.

In his third assignment of error, appellant claims that the trial court erred in denying his "motion for directed verdict." A motion for directed verdict may be made only in a civil action. This assignment should more properly state that the trial court erred in denying appellant's motion for judgment of acquittal made pursuant to Crim.R. 29(A). The record shows that appellant's counsel properly made such motion at the close of the state's evidence and renewed the motion at the close of all evidence.

While I agree with the majority's disposition of the third assignment of error, I do not agree with the analysis. The state must prove each element of the offenses charged beyond a reasonable doubt. The accused is not required to prove his innocence.

I would find, notwithstanding any evidence presented by the appellant, that a review of the record shows sufficient evidence was presented to prove each and every element of the offenses charged beyond a reasonable doubt.