Appellant, Derrick Kneisley appeals from his conviction of domestic violence in violation of R.C. 2919.25(A) in Montgomery County District Court after a bench trial.
The complainant, Rhonda Banks, testified that on October 26, 1997 she and her live-in boyfriend, Derrick Kneisley, became embroiled in a heated argument and Kneisley threw her down several times injuring her arm, back, buttocks, and leg.
Banks stated the argument resulted from Kneisley coming home late in a drunken condition. She stated the argument became heated when she ordered Kneisley out of her home. She said Kneisley became so enraged he used a knife to cut his waterbed damaging the interior of her home.
Kneisley testified and gave a different account of the altercation. He stated that Ms. Banks sustained her injuries when she slammed the defendant's car van door on his foot as he attempting to leave, and the defendant responded by pushing the door open causing the defendant to fall back on her driveway.
There was uncontroverted evidence that the complainant waited three days to report the assault to the Brookville Police Department.
In two related assignments of error, appellant contends his trial counsel provided ineffective assistance of counsel by not making timely objections to the admission of testimony and by his own ineffective questioning of trial witnesses.
In particular, appellant contends his trial counsel did not effectively object to Ms. Banks testifying about a prior act of domestic violence by the defendant.
During direct examination, Banks, in response to question from the prosecutor as to why she did not immediately contact the police after the incident, responded by stating:
 A. I did not know what to do. I was embarrassed that I allowed this to happen again.
Q. What do you mean by that?
 MR HERRON: I'm going to object to any concept of — again, he is only charged with the one offense.
THE COURT: Overruled.
Q. You may answer.
What do you mean by —
 A. I understand he wasn't convicted of anything else, but that doesn't mean that he didn't beat me before, that he didn't lay his hands on me before. (Tr. 18).
Appellant contends that his trial counsel was ineffective for not more vigorously objecting to Ms. Banks referring to an alleged prior incident of domestic violence on defendant's part. He contends that Ms. Banks' reference to prior bad acts of the defendant caused undue prejudice to him.
The State argues that Ms. Banks' testimony concerning the prior incident of domestic violence was relevant to show her state of mind. The State contends the evidence was admissible to explain why Ms. Banks waited three days to report the crime. In State v. Kelly (1993), 89 Ohio App.3d 320, the Henry County Court of Appeals held that "although incidents of defendant's prior domestic violence towards estranged wife were not inextricably related to crimes charged and hence were not admissible as 'other acts' evidence in trial for abduction and rape of wife, prior incidents were admissible to show wife's state of mind and why she did not try to escape defendant or summon police. We likewise agree Ms. Banks' testimony was admissible for the limited purpose of explaining her conduct in not reporting the crime any earlier.
Appellant argues that trial counsel's failure to more vigorously assert that Ms. Banks' "other acts" testimony was improper, permitted her to offer further prejudicial testimony upon her cross-examination; to wit:
 Yeah, I was upset when he drank, because when someone promises you, oh, they will not drink again, or oh, they won't beat you again, and oh you know, things will be better, things will be better. You know, I don't like broken promises. (Tr. 23-24).
Because we find that Ms. Banks' "other acts" testimony was admissible to demonstrate her state of mind, we cannot say her reference to this prior incident of domestic violence on cross-examination was improper.
Appellant also argues that his trial counsel was ineffective for asking Ms. Banks' if she considered herself a victim of domestic violence. He contends this question encouraged Ms. Banks to define herself as a domestic violence victim. We fail to see how this testimony by Ms. Banks caused undue prejudice. Ms. Banks obviously considered herself a victim of the appellant's violent conduct by virtue of her trial testimony.
Appellant also argues his trial counsel was ineffective in not objecting to the following testimony by Officer Douglas Jerome of the Brookville Police Department:
 Q. Okay. What did she describe happen? When did she describe it happening?
 A. I can't remember exactly what her words were. It was something along the lines where Derrick beat my ass again. Something along those lines. When she said something of that nature, I did observe the bruises on her left arm at that time. She says I've got bruises all over me. And I said when did this happen? And she indicated that it happened a few days prior. I believe she said on Sunday. She said it happened at that time. (Tr. 44).
Q. Okay, all right.
 Did you observe any other bruises on Ms. Banks, any other injuries that she alleged came from this incident?
 A. At a later time I did. She had stated that she had bruises on her — she stated she had bruises on her legs and back and areas that were under clothing. I advised her at the time, I said, "Well, before we look at any further injuries, if they are under your clothes, I would like to have another person standing by." Although I am an evidence technician, I said just — just for safe purposes, I would like another person standing by, a female officer possibly so we can photograph these injuries.
(Tr. 45).
 Q. And, Officer, let me ask you, do the injuries which you observed and the water in the household which you observed, in your opinion, in your investigation, was that consistent with the allegations made by the complainant?
 A. Yes, it was. When she stated she had bruises on other areas of her body and then I did observe the bruises on other areas of her body. I guess, the first thing was that she stated that she was pushed against a table — a kitchen table. She said which injured her back and buttock area. The bruises that I photographed were conditioned with that. They were on her buttock area and smaller part of her back. She stated that she had injured her legs sometime in this altercation. There is also a bruise on her left leg. I believe it was, to verify that, the bruises — I — also I might add were in the bluish of a color, stating those would have come within the last —
(Tr. 47).
Appellant contends his trial counsel was ineffective in not objecting to the hearsay nature of Officer Jerome's testimony. He contends Jerome's testimony was prejudicial because it permitted the court to hear for the second time, Ms. Banks' version of the incident. Appellant argues the court could have found Jerome's testimony to be "corroborative" of Banks' testimony.
The State contends that Officer Jerome's hearsay testimony was not offered for its truth but to explain his investigation and why he examined Ms. Banks' body for the presence of any injuries which would be consistent with criminal assault.
In State v. Warren (1995), 106 Ohio App.3d 753, the Hamilton County Court of Appeals held that victim's testimony that the defendant had choked her, as corroborated by the testimony of a police officer who observed bruises on victim's neck when he was called to the scene was sufficient to support a domestic violence conviction.
The trial court fully understood the purpose of Officer Jerome's testimony. Jerome's hearsay testimony was admitted to explain why Jerome examined Ms. Banks for evidence of domestic violence and why he arrested the defendant.
We find no evidence in this record to indicate trial counsel was deficient, i.e. that his performance fell below an objective standard of reasonableness. State v. Bradley (1989),42 Ohio St.3d 136. The appellant's two assignments of error are overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Jeffrey P. Startzman Thomas R. Schiff Hon. James Hensley, Sr. District Court #1