DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Alfred Moore, Jr., appeals a judgment of the Lucas County Court of Common Pleas, wherein he was adjudicated a sexual predator.
 {¶ 2} In 1995, appellant was indicted on one count of rape, a violation of R.C. 2907.02; two counts of kidnapping, both violations of R.C. 2905.01; one count of *Page 2 
felonious sexual penetration, a violation of R.C. 2907.12; and one count of robbery, a violation of R.C. 2911.02. He subsequently pled guilty to all charges and was sentenced on February 20, 2006. Appellant failed to file a timely notice of appeal from his convictions.
 {¶ 3} On September 21, 2006, the trial court held a H.B. 180 hearing for the sole purpose of determining whether appellant was a sexual predator under R.C. 2950.01(E). Appellant stipulated that the determination of his sexual predator classification could be based upon: (1) two Court Diagnostic Reports that were each recently authored by two different psychologists, Gregory Forgac, PhD., and Charlene A, Cassel, PhD.; (2) a third psychological report prepared by David K. Connell, PhD. in 1996, (3) and the presentence investigation report generated in January 1996. The aforementioned documents were marked as composite Exhibit One and discussed by the trial judge in making her decision. Based upon a review of these reports, the court below found that clear and convincing evidence established that appellant is a sexual predator. Her written judgment was entered on September 21, 2006.
 {¶ 4} Appellant filed a timely appeal from the trial court's judgment. He asserts the following assignments of error:
 {¶ 5} "A. THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONVICT THE DEFENDANT-APPELLANT OF FELONIOUS SEXUAL PENETRATION. *Page 3 
 {¶ 6} "B. THE TRIAL COURT SHOULD NOT HAVE FOUND DEFENDANT-APPELLANT GUILTY OF FELONIOUS SEXUAL ASSAULT AND KIDNAPPING AS BOTH CRIMES ARE INCIDENTAL TO EACH OTHER.
 {¶ 7} "C. THE TRIAL COURT DID NOT FOLLOW THE CLEAR AND CONVINCING STANDARD WHEN IT CLASSIFIED DEFENDANT-APPELLANT AS A SEXUAL PREDATOR."
 {¶ 8} The facts relevant to the disposition of appellant's assignments of error are derived from the record of this cause and include appellant's guilty plea hearing, the psychologists' reports, and the presentence investigation report.
 {¶ 9} On the evening of September 23, 1995, appellant and his co-defendant, Nick Boggs, were driving around in Boggs' blue Thunderbird when they saw a woman in the parking lot of Ace Hardware located at 5761 Secor Road, Toledo, Lucas County, Ohio. According to appellant, Boggs suggested that they rape the woman. The woman was told that appellant and Boggs were Toledo police detectives and that they were going to take her to police headquarters. The transcript of the guilty plea hearing states that appellant grabbed the victim's arm and put her in the back seat of Boggs' motor vehicle.
 {¶ 10} After driving around for some time, Boggs stopped the car on a dead end country road near Ottawa Lake, Michigan. The men removed the woman's clothes. According to all three psychological reports and the PSI, appellant, while in the rear seat with the victim, fondled her breasts and sexually penetrated her with his finger. The PSI report also states that appellant told the woman to perform oral sex on him and that she *Page 4 
did. Appellant then returned to the front passenger seat. Boggs got into the back seat and had sexual intercourse with the victim. Boggs then returned to the driver's seat. As they were driving back toward Ohio, the victim was upset and kept screaming "Why did you do this to me.?" Boggs stopped and ordered the woman to exit his vehicle. As she was leaving, appellant grabbed her hand and took her diamond engagement ring.
 {¶ 11} On November 4, 1995, appellant and Boggs were again "cruising" on Alexis Road in Boggs' car when they saw a woman sitting in her car by herself in a parking lot of a restaurant. The woman drove her vehicle out of the parking lot, turned down Talmadge Road, and then turned onto Laskey Road, which is located in Lucas County, Ohio. At that point, Boggs flashed his bright lights and pulled her over. Boggs and appellant got out of their car and walked to the victim's vehicle. According to appellant, Boggs told the woman that he and appellant were police officers. Boggs brought the woman to his car and placed her in the back seat. Appellant, who said that he had already returned to Boggs' vehicle, was sitting in the front passenger seat. The two men then took the woman to Michigan. They forced her to take off all of her clothes and her jewelry. Appellant then got into the back seat with the victim, fondled her breasts and penetrated her vagina with his finger. Boggs had sexual intercourse with the woman. They gave the victim some of her jewelry, but kept an emerald teardrop, a gold necklace, and a gold bracelet. According to appellant, he and Boggs took the victim back to an area approximately one block from where they had picked her up. *Page 5 
 {¶ 12} Boggs and appellant were apprehended after they attempted to kidnap a third woman who recognized Boggs, reported the incident to law enforcement officers, and identified Boggs in a photo array.[1]
 {¶ 13} On appeal, appellee maintains that this court cannot address appellant's Assignments of Error A and B because he failed to file a timely notice of appeal from his convictions.
 {¶ 14} App.R. 4(A) provides that a notice of appeal shall be filed within 30 "days of the later of the entry of judgment or order appealed * * *." (Emphasis added.) The trial court's judgment on sentencing was entered on February 20, 1996. Appellant never filed a timely appeal from that judgment. Therefore, we lack the jurisdiction to consider his Assignment of Error B.
 {¶ 15} Nevertheless, for the following reason, we shall entertain appellant's Assignment of Error A.
 {¶ 16} In general, jurisdiction refers to the authority of a court to hear and determine a criminal case or a civil action. One element of subject matter jurisdiction is territorial jurisdiction. State v.Williams (1988), 53 Ohio App.3d 1, 4-5; State v. Shrum (1982),7 Ohio App.3d 244, 245; State v. Wooldridge (Oct. 6, 2000), 2d Dist. No. 18086. Parties cannot waive any deficiency in a court's subject matter jurisdiction and it can, therefore, be raised at any stage of a proceeding, "even collaterally in subsequent and *Page 6 
separate proceedings." State v. Shrum, 7 Ohio App.3d at 245. See, also,State v. Wooldridge, supra.
 {¶ 17} In his Assignment of Error A, appellant contends that because the acts of felonious sexual penetration occurred in the state of Michigan, the Lucas County Court of Common Pleas lacked subject matter jurisdiction to convict him on those charges. Specifically, he contends that no act involving "force," which is an element of felonious penetration, happened within the boundaries of Lucas County Ohio.
 {¶ 18} R.C. 2901.11 provides, in pertinent part:
 {¶ 19} "(A) A person is subject to criminal prosecution and punishment in this state if any of the following occurred:
 {¶ 20} "(1) The person commits an offense under the laws of this state, any element of which takes place in this state."
 {¶ 21} R.C. 2907.12, felonious penetration statute effective at the time of the offenses in this cause provided, in pertinent part:
 {¶ 22} "(A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 23} "(2) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another *Page 7 
when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 24} R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
 {¶ 25} To repeat, appellant urges that the element of physical force or threat of force required to convict him of the offense of felonious penetration did not exist while he and Boggs were in Lucas County, Ohio. We disagree.
 {¶ 26} In his presentence investigation report, the probation officer set forth details of the first kidnapping, as follows:
 {¶ 27} "In the evening hours of 9/23/95, the victim was standing next to her locked car in the parking lot of the Ace Hardware Store at 5761 Secor Road. The victim had locked her keys in the car and was waiting for her mother to come and assist her. At approximately 2320 hours, [the] two suspects appeared in a blue vehicle and asked the victim if she needed a ride. The victim declined and the suspects left. Approximately five minutes later, the suspects returned and the passenger (later identified as the defendant[appellant]) exited the vehicle and told the victim that he was a Toledo Police detective. The defendant then grabbed her by the arm and pushed her into the back seat of the suspect vehicle. She further stated that after looking through her purse, they took her driver's license."
 {¶ 28} While this recitation of the facts of the kidnapping differs from that made by appellant, who indicated that it was Boggs who told the young woman that he and *Page 8 
appellant were police officers and put her in the back seat of the vehicle, there was an element of physical restraint in allowing the young woman to believe that appellant was a police officer, in keeping the victim in the rear seat of the vehicle, and in taking away her driver's license.
 {¶ 29} As for the second victim, she was also told that Boggs and appellant were police officers and placed in the rear seat of Bogg's car. Appellant, at his guilty plea hearing, told the court that the second victim asked to see their identification (showing that they were police officers). When the pair could not produce any such identification, the victim "panicked" and started to hyperventilate "or something." She asked to be let out of the car and was refused. Clearly the situation in this second scenario is one evidencing physical restraint. It was only after this occurred, that Boggs and appellant drove to Michigan.
 {¶ 30} "[W]here sex offenses are completed in another state were initiated by the application of force commencing in Ohio, Ohio courts have been held to have jurisdiction." State v. Laws (Dec. 22, 1998), 10th Dist. No. 98AP-306, citing State v. Kelly (1993),89 Ohio App.3d 320, 324-325 (As there was a continuous, unbroken sequence of events from the time the defendant forced the victim to leave Henry County, Ohio until the culmination of the rape in Tennessee, Henry County had jurisdiction over the charge of rape); State v. Shrum,7 Ohio App.3d at 246. Consequently, appellant's Assignment of Error A is found not well-taken. *Page 9 
 {¶ 31} In his Assignment of Error C, appellant contends that clear and convincing evidence does not support his classification as a sexual predator.
 {¶ 32} In making a determination that an offender is a sexual predator, a court must consider several factors. These include: (1) the offender's age; (2) the offender's prior criminal record, including, but not limited to, all sexual offenses; (3) the age of the victim; (4) whether the offense(s) involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) if the offender that has previously been convicted of a sex offense or a sexually oriented offense participated in available programs for sexual offenders; (7) mental illness or disability of the offender or victim; (8) if the offender's conduct was a demonstrated pattern of abuse; (9) if the offender displayed cruelty or made threats of cruelty during the commission of the sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3). There is no requisite number of these factors that must apply before a trial court can find that an offender is a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 19.
 {¶ 33} The state is required to establish that an offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469. Nevertheless, sexual predator proceedings are civil in nature; therefore, our standard of *Page 10 
review on appeal is civil manifest weight. State v. Wilson,2007-Ohio-2202, ¶ 32. Accordingly, we are required to affirm the trial court's sexual predator classification if it is supported by some competent, credible evidence. Id. at ¶ 41. In other words, on appeal, we are obliged to decide whether some competent, credible evidence exists to support the trial court's finding that the state proved, by clear and convincing evidence, that appellant is a sexual predator. Id. at ¶ 42.
 {¶ 34} As applied to the case before us, the trial court did not expressly state any of the factors named above in its judgment entry. The court did, however, based upon the psychological reports, the presentence investigation report, and the complete record of this cause talk about the pertinent factors at the sexual predator hearing.
 {¶ 35} We now turn to a discussion of those relevant factors. On the plus side, appellant completed a sexual offender program after he was apprehended for the offenses committed in this case. At the age of 18 or 19, however, appellant was convicted of contributing to the delinquency of a minor as the result of his sexual relationship with a 14-year-old girl. Appellant was 27 years old at the time the 1995 offenses occurred. It is undisputed that the victims in this case were younger women. The two women were abducted, taken to a remote area, forced to remove their clothing, and forced to engage in nonconsensual sexual conduct with appellant and Boggs. One woman would not stop crying and was threatened with a "gun." The second victim was made to remove her clothing outside the car. Both women were robbed. Thus, a demonstrated pattern of *Page 11 
abuse existed in this cause. In addition, it is evident that cruelty and threats of cruelty were displayed during the commission of the sexually oriented offenses in this cause.
 {¶ 36} In their reports, both Dr. Cassel and Dr. Forgac indicated that, if they had not been apprehended, appellant and Boggs would have "continued to rape other women," that is, that they are serial rapists. Both psychologists commented that appellant was at high risk for committing future sex offenses even after completing sexual offender classes while incarcerated. Dr. Forgac recommended that appellant be classified as a sexual predator, and Dr. Cassel suggested that he be classified as a "Sexually Violent Predator." Based upon the foregoing, we conclude that there is some competent, credible evidence in the record of this cause to establish, by clear and convincing evidence, that appellant is a sexual predator. As a result, appellant's Assignment of Error C is found not well-taken.
 {¶ 37} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFIFRMED. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Skow, J., and Osowik, J., concur.
[1] This attempt happened between the first and second criminal offenses. *Page 1