THE STATE OF OHIO, APPELLANT, *v.* WILLIAMS, APPELLEE.

. THE STATE OF OHIO, APPELLANT, *v.* DR. WILLIAMS & ASSOCIATES, VINCENT PATRICK WILLIAMS, D.D.S., INC., APPELLEE.

(Nos. 88AP-213 and 88AP-214— Decided August 30, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Paul J. Coval, Robert J. Goldstein* and *Denise Smith Golonka,* for appellant.

*Jim Rimedio,* for appellees.

McCORMAC, J. Plaintiff-appellant, state of Ohio, appeals the trial court's order dismissing counts two through twelve of an indictment returned against Dr. Williams & Associates, Vincent Patrick Williams, D.D.S., Inc., and Dr. Vincent P. Williams, defendants-appellees.

On April 10, 1987, the Special Grand Jury of Franklin County, Ohio, returned a twelve-count indictment against appellees, Dr. Williams and his corporation, Dr. Williams & Associates, Vincent Patrick Williams, D.D.S., Inc. ("the corporation"). Each was charged with one count of theft by deception in violation of R.C. 2913.02(A)(3) and five counts of forgery in violation of R.C. 2913.31(A)(3).

Count one of the indictment avers that Dr. Williams took property by deception within Franklin County and that the victim was the state of Ohio, Department of Human Services. Counts two through twelve do not specifically state that Dr. Williams or his corporation committed the alleged acts within Franklin County.

On the day of the trial, March 7, 1988, appellees filed a motion to

1

dismiss counts two through twelve for failure to allege that any element of the offense was committed in any county in the state of Ohio. Their alleged basis was that the court lacked venue to hear these counts. The state then moved to amend the indictment to specifically include in counts two through twelve the statement that the offenses charged occurred within Franklin County, Ohio.

After hearing oral arguments, the trial court granted appellees' motion to dismiss counts two through twelve of the indictment and denied the state's motion to amend the indictment. The trial court continued the trial of count one pending the conclusion of the appeal process.

Appellant appeals from this decision and asserts the following assignments of error:

"1. The trial court erred as a matter of law when it granted defendants' pre-trial motion to dismiss counts two through twelve of the indictment for failure to specifically allege that the offense or an element thereof occurred within Franklin County, Ohio, when, in fact, the place had once been stated within the indictment.

"2. The trial court erred as a matter of law when it dismissed counts two through twelve of the indictment on the basis that a failure to state venue in counts two through twelve of the indictment constitutes a lack of subject matter jurisdiction as to those counts.

"3. The trial court abused its discretion when it denied the state of Ohio's pre-trial motion to amend counts two through twelve of the indictment to specifically allege that the offense, or an element thereof, occurred within Franklin County, Ohio, where no change would have been made in the names or identities of the crimes charged."

In its first assignment of error, appellant argues that the trial court erred as a matter of law when it granted appellees' pretrial motion to dismiss counts two through twelve of the indictment for failure to specifically allege that the offense, or an element of the offense, had occurred within Franklin County, Ohio, when, in fact, the place had been stated once within the indictment.

Although the indictment is poorly drawn, the first count charges Dr. Williams with depriving the Ohio Department of Human Services ("ODHS") of property by deception within Franklin County from approximately April 1, 1983 to approximately December 31, 1985. It claims he charged ODHS for dental services that were never performed.

Count one of the indictment states, in pertinent part:

"In the Court of Common Pleas, *Franklin County, Ohio,* of the Special Grand Jury Term beginning the 11th day of July, in the year of our Lord, one thousand nine hundred and eighty-six.

"The Jurors of the Special Grand Jury of the State of Ohio, duly selected, impaneled and sworn, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Vincent P. Williams, DDS, within the *County of Franklin* aforesaid, over the period of on or' about April 1, 1983 to on or about *December 31, 1985,* as a continuing course of criminal conduct, with purpose to deprive the owner, the State of Ohio, Department of Human Services (formerly known as the Department of Public Welfare), of property, to-wit: money obtained for alleged dental services that were not rendered, did knowingly obtain or exert control over said property by deception." (Emphasis added.)

Count two of the indictment charges appellee corporation with the identical offense of theft by deception.

It states that the commission of this offense was authorized, commanded, or tolerated by a high managerial officer, agent or employee of the corporation, *i.e.*, Dr. Williams. The alleged acts occurred over the same time period as in the first count and the victim was the same as in the first count, that is, ODHS.

In counts three through twelve, Dr. Williams and his corporation were charged with five counts each of uttering forged documents. In those allegedly forged documents, the dentist and his corporation claimed that they had provided dental services to four different individuals on Medicaid. The alleged victim of these frauds is ODHS. ODHS, located in Franklin County, is also the victim in counts one and two.

Appellees argue that, since counts two through twelve of the indictment did not specifically mention in which county the theft or Medicaid fraud occurred, the court did not have venue over these counts.

R.C. 2901.12, Ohio's venue statute, establishes that venue is the place where the offense or an element of the offense occurred.

R.C. 2941.08(F) states that an indictment is sufficient when the place of the offense, or an element of it, is stated once therein. An indictment is not made invalid if it does not reallege the *place* of a material fact.

In oral argument before the trial court, appellees argued and the trial court agreed that, based on *State* v. *Headley* (1983), 6 Ohio St. 3d 475, 6 OBR 526, 453 N.E. 2d 716, the court cannot cure defects in the counts of an indictment if the county in which the offense occurred is not stated. However, *Headley* concerns the sufficiency of evidence needed to prove that an offense occurred in a certain county. In *Headley,* no evidence was presented at the trial showing the offense charged had occurred in the county. Therefore,

the court concluded that the county's court did not have venue.

Our case involves the issue of the sufficiency of an indictment and does not involve the question of the sufficiency of evidence needed at a trial to prove venue. Therefore, *Headley* is not determinative.

In oral argument before the trial court, appellees also cited *Knight* v. *State* (1896), 54 Ohio St. 365, 43 N.E. 995. In that case, the issue was whether venue was sufficiently alleged in the indictment. The court found that nowhere in the indictment was there any allegation that the offense was committed in Wood County. It found that the case was not saved by R.S. 7215 (predecessor of R.C. 2941.08[F]) because the time or place was not stated once in the indictment. Therefore, venue was not sufficiently alleged in the indictment. However, in this case, the county and state were alleged in count one.

At the hearing, the trial court mentioned that it also relied on the Ohio Constitution in making its decision to dismiss counts two through twelve. Section 10, Article I of the Ohio Constitution states, in part:

"* * * In any trial, in any court, the party accused shall be allowed * * * to demand the nature and cause of the accusation against him, * * * and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

In *Breinig* v. *State* (1931), 124 Ohio St. 39, 44, 176 N.E. 674, 676, the Ohio Supreme Court held that a trial court is permitted to amend an indictment by inserting the county where the offense was committed as long as the accused was neither misled nor prejudiced in his defense by the defect in the indictment. If not, the trial court can amend an indictment without violating defendant's constitutional rights.

Since appellees made all necessary

appearances and did not argue that they did not understand the charges against them, we find that they were neither misled nor prejudiced by any defect in the indictment. Therefore, the trial court was not prohibited by the Ohio Constitution or by case law from amending the indictment.

Upon review of the indictment as a whole, it is clear that Dr. Williams and his corporation were accused of trying to steal from and to defraud ODHS by charging it for dental services that appellees had not rendered and by falsifying Medicaid documents concerning these services. It is clear that Dr. Williams' actions were alleged to have taken place in Franklin County during specific times. Inferentially, the other counts involved activities taking place in Franklin County since Dr. Williams was also alleged to have been involved as a principal in his corporation during the same times with the same victim.

R.C. 2941.08(F) provides that an indictment is not made invalid for want of an allegation of the time or place of a material fact when the time or place has been once stated therein. Since the indictment alleged once that an offense had occurred in Franklin County, the indictment was sufficient. Therefore, counts two through twelve should not have been dismissed for lack of venue.

On appeal, appellees no longer argue that the trial court lacked venue, but now argue that the trial court lacked subject matter jurisdiction to hear the dismissed charges. In support thereof, they refer to R.C. 2901.11, which is the statute concerning criminal law jurisdiction.

R.C. 2901.11(A)(1) states that a person is subject to criminal prosecution and punishment in this state if he commits an offense under the laws of this state, any element of which takes place in this state.

We assume that appellees are referring to this section when they argue that, since the state did not allege any of the conditions necessary for a criminal prosecution in this state, *i.e.,* that the acts occurred in Ohio, the state did not have jurisdiction over this case.

However, R.C. 2901.11(D) provides that, when an offense is committed under the laws of this state and it appears beyond a reasonable doubt that the offense or any element took place either in Ohio or in another jurisdiction and it cannot reasonably be determined in which it took place, such offense or element is *conclusively presumed* to have taken place in *this state* for purposes of this section.

Appellees are accused of committing offenses under the laws of this state, *i.e.,* R.C. 2913.02(A)(3), which is theft by deception, and also R.C. 2913.31(A)(3), which is uttering or possessing with purpose to utter any writing which he knows to have been forged. Assuming, *arguendo,* that we do not know in which state these offenses were performed under R.C. 2901.11(D), Ohio still claims subject matter jurisdiction over the offenses.

Appellees' second argument in support of the court's order to dismiss counts two through twelve of the indictment is without merit.

Appellant's first assignment of error is sustained.

In its second assignment of error, appellant argues that the trial court erred as a matter of law when it dismissed counts two through twelve of the indictment on the basis that the failure to state the venue in counts two through twelve constitutes a lack of subject matter jurisdiction as to those counts.

In dismissing counts two through twelve, the trial court stated that:

"Venue becomes a jurisdictional thing and the Court cannot correct it, and that would be the same as the Court conferring jurisdiction upon itself."

As commonly used, "jurisdiction"

refers to the judicial power to hear and determine a criminal prosecution (or a civil dispute). This is called "territorial jurisdiction" or "subject matter jurisdiction."

"Venue" commonly refers to the appropriate place of trial for a criminal prosecution within a state. *State* v. *Shrum* (1982), 7 Ohio App. 3d 244, 245, 7 OBR 323, 324, 455 N.E. 2d 531, 533, fn. 2.

The question of subject matter jurisdiction is so basic that it can be raised at any stage before the trial court or any appellate court, or even collaterally in subsequent and separate proceedings. *Shrum, supra.* Venue can only be raised before a trial begins and, if it is not raised, then it is considered waived. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, 57 O.O. 2d 160, 274 N.E. 2d 773, cited with approval in *Shrum.*

Therefore, it is clear that subject matter jurisdiction and venue are distinguishable. Even though the trial judge thought that appellant did not sufficiently raise venue in its indictment, it is error to find that the failure to specifically allege venue creates a lack of jurisdiction in the trial court. The failure to allege venue properly should be considered under principles of law applicable to venue rather than principles of law applying to subject matter jurisdiction.

Appellant's second assignment of error is sustained.

In its third assignment of error, appellant argues that the trial court abused its discretion when it denied the state of Ohio's motion to amend counts two through twelve of the indictment to specifically allege that the offenses, or an element of them, occurred within Franklin County. Crim. R. 7(D) states that a court may allow an indictment to be amended as long as no change is made in the name or identity of the crime charged.

Amending the indictment to allege that the offenses or elements of them in counts two through twelve occurred in Franklin County would not change the name or identity of the charges brought against Dr. Williams and his corporation. Therefore, according to Crim. R. 7(D), the trial court should have allowed the indictment to be amended as requested.

A trial court's authority to allow an amendment is discretionary. However, the trial court can abuse its discretion by refusing to amend an indictment. Abuse of discretion implies a decision that is both without a reasonable basis and clearly wrong. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280.

Since the indictment, though poorly drafted, clearly stated the nature of the charges, the persons charged, the identity of the victim, and the county where one count of a continuing course of action took place, appellees had notice of the charges brought against them. The trial court's refusal to allow the indictment to be amended pursuant to Crim. R. 7(D) is without a reasonable basis and clearly wrong. Hence, the trial court abused its discretion when it refused to allow the indictment to be amended.

Appellants' third assignment of error is sustained.

Appellant's three assignments of error are sustained and the dismissal of counts two through twelve of the indictment is reversed. The cases are remanded to the trial court with instructions to grant the state's motion to amend counts two through twelve of the indictment.

*Judgments reversed*
*and causes remanded.*

STRAUSBAUGH and BOWMAN, JJ., concur.