OPINION
Defendant-appellant Christopher Nelloms appeals from his conviction and sentence for Felonious Penetration and seven counts of Rape. He contends that the trial court did not have subject matter jurisdiction in regard to five of the Rape charges, and therefore, erred in permitting him to be convicted on those counts. He also contends that his right to a fair trial was prejudiced by the misconduct of one juror and by the ineffectiveness of his trial counsel.
From our review of the record, it is clear that the trial court did not have subject matter jurisdiction over four of the counts of Rape of which Nelloms was convicted. Therefore, we find that those convictions must be dismissed for lack of subject matter jurisdiction. However, we conclude that Nelloms' claims of juror misconduct and ineffective assistance of counsel are without merit.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded with instructions to dismiss four of the counts for lack of subject matter jurisdiction, and for resentencing on the four remaining counts.
 I
Nelloms was indicted on one count of Felonious Sexual Penetration, eight counts of Rape, and one count of Attempted Forcible Rape.[1] The ten counts were based upon allegations of sexual abuse by Nelloms against his daughter, Terria Pitts.[2] All ten counts were alleged to have occurred between October 1, 1995 and August 31, 1997.
A jury trial was held in January, 1999. At the close of the State's evidence, the State nolled the seventh count of the indictment [Rape]. The jury convicted Nelloms of Felonious Sexual Penetration and the remaining counts of Rape. He was found not guilty of Attempted Rape.
Nelloms filed a motion for new trial based upon his claim of juror misconduct. The trial court held a hearing on the motion, and subsequently overruled the motion.
The trial court sentenced Nelloms to life sentences on each count with counts I, V, VI and X to be served consecutive to each other and concurrent to counts II, III, VIII and IX. From his conviction and sentence, Nelloms appeals.
 II
The First Assignment of Error states as follows:
 THE TRIAL COURT IMPROPERLY CONVICTED DEFENDANT-APPELLANT OF THE CHARGES CONTAINED IN COUNTS I THROUGH V WHICH ALLEGEDLY OCCURRED IN KENTUCKY WHEN IT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER SUCH COUNTS.
Nelloms contends that the trial court erred in permitting him to be convicted of the charges contained in counts I through V of the indictment. In support, he argues that those crimes allegedly occurred in Kentucky, and that the trial court, thus, lacked subject matter jurisdiction over those crimes.
The State argues that Nelloms was convicted of Forcible Rapes and Forcible Sexual Penetration, both of which require that the element of force be proven. It further argues that force can be physical or psychological. The State contends that while the physical force of the crimes in the first five counts occurred in Kentucky, the psychological element of force carried over into Ohio. In support, it argues that Nelloms' daughter was afraid to tell anyone about the crimes, even when she visited her mother in Ohio, because her father had told her that he would "go to the electric chair" if she told anyone. Therefore, the State argues that it established jurisdiction pursuant to R.C. 2901.11(A)(1).
We begin by noting that the issue of subject matter jurisdiction was not raised at the trial court level. Instead, Nelloms contested whether venue was proper. However, subject matter jurisdiction is a matter that cannot be waived, and which may be raised at any stage of a criminal proceeding. State v.Everette (June 17, 1992), Montgomery App. No. 13237, unreported;State v. Williams (1988), 53 Ohio App.3d 1, 5.
We next turn to the issue of whether the State established jurisdiction. R.C. 2901.11(A)(1), which governs the law of criminal jurisdiction in Ohio, provides as follows:
 A person is subject to criminal prosecution and punishment in this state if any of the following occur:
 The person commits an offense under the laws of this state, any element of which takes place in this state.
From our review of the record, it is apparent that neither the indictment or the Bill of Particulars alleges that any element of the conduct charged in counts I through V occurred in Ohio. Furthermore, the record demonstrates that the State failed to prove beyond a reasonable doubt that psychological force was committed in regard to the crimes that occurred in Kentucky. The record does not support a finding that any threats or psychological force used by Nelloms against his daughter were made at the time the crimes occurred in Kentucky. Instead, a review of the daughter's testimony shows that the threat regarding the electric chair occurred at some unspecified point in time during the two years of sexual abuse. The threats could have been made once Nelloms and his daughter moved back to Ohio and could have been made in conjunction with the crimes committed solely in Ohio. Therefore, the claim that the element of psychological force used in Kentucky carried over into Ohio is without merit, and the trial court should have dismissed the first five counts of the indictment.
Although Nelloms has included all of the first five counts of the indictment in this assignment of error, he can hardly claim to have been prejudiced with respect to Count IV of the indictment, of which he was acquitted.
Accordingly, Nelloms' First Assignment of Error is sustained with respect to Counts I, II, III and V of the indictment.
 III 
The Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT IMPROPERLY CONVICTED HIM ON A DEFICIENT INDICTMENT SINCE THE INDICTMENT FAILED TO STATE A BASIS FOR JURISDICTION OR COUNTS I THROUGH V FOR CRIMES WHICH ALLEGEDLY OCCURRED IN KENTUCKY.
Nelloms contends that the trial court erred by permitting him to be convicted on counts I through V of the indictment. In support, he argues that the indictment was deficient because it failed to state a basis for jurisdiction in regard to those counts.
We need not address this issue as it has been rendered moot by reason of our resolution of the First Assignment of Error.
 IV
The Third Assignment of Error states:
 THE TRIAL COURT DENIED DEFENDANT-APPELLANT OF HIS DUE PROCESS RIGHTS TO A TRIAL BY AN IMPARTIAL JURY AND TO EFFECTIVE ASSISTANCE OF COUNSEL.
Nelloms contends that he was denied due process because of the misconduct of one juror and because his trial counsel was ineffective.
We turn first to the issue of juror misconduct. Nelloms contends that a juror, Jennifer Kinney, was predisposed to find him guilty. A hearing was held on the motion for a new trial. The State presented the testimony of Mannin Patterson and Jennifer Kinney. Nelloms presented the affidavit and testimony of James Fletcher.
According to Fletcher, he was in a barber shop in Germantown when Kinney entered the establishment and began making comments about being a juror in the Nelloms trial. He testified that Kinney stated that she knew that Nelloms was guilty because she knew the victim's mother, Sharon Pitts. He also stated that Kinney claimed that Pitts attended the same church as Kinney's aunt. Fletcher further testified that Kinney mentioned that she knew that Nelloms had previously been shot for "messing with young women", and that he had a propensity to do the kind of act for which he was convicted. Fletcher also testified that he knew Nelloms because he had attended school with him.
Kinney testified that she did not recognize the name Sharon Pitts when it was mentioned during voir dire; she stated that, if she had, she would have told the trial court. She further stated that her contact with Sharon Pitts had been in the form of attending the same church, and that the last time she had seen her was in 1984, approximately fifteen years prior to trial. Kinney testified that to the best of her knowledge, Pitts did not attend church with any of Kinney's aunts. She also denied telling Fletcher that she had pre-judged Nelloms. Kinney stated that although she had heard about an incident involving Nelloms and a baseball bat prior to trial, she did not remember it until the matter was raised in trial. Finally, Kinney testified that she heard, after the trial was concluded, that Nelloms had been shot for similar conduct.
Mannin Patterson, the owner of the barber shop in Germantown, testified that on the day in question, he was cutting Fletcher's hair when Kinney entered the establishment. He testified that he did not recall Kinney stating that Pitts attended church with her aunt, or that Kinney knew that Nelloms was guilty based upon anything other than the evidence presented at trial. He did testify that Fletcher was the one who mentioned that Nelloms had been shot in the past.
At the close of evidence, the trial court stated that it had considered the credibility of the witnesses, and overruled the motion for new trial.
"Pursuant to Crim.R. 33(A)(2), a new trial may be granted upon motion by the defendant if his substantial rights were materially affected by misconduct of the jury." State v. Flagg
(June 18, 1999), Montgomery App. No. 17421, unreported. "The trial court's ruling on such a motion will not be disturbed on appeal absent an abuse of discretion." Id.
The record supports a finding that Kinney was not pre-disposed to find Nelloms guilty. The record supports a finding that Kinney did not know of the incident regarding the shooting until after the trial; a claim that Fletcher did not discredit. It also supports a finding that although she recognized Pitts from a church relationship fifteen years prior, she had had no contact with her since then. Finally, the record also supports a finding that Kinney did not remember the baseball bat incident until it was mentioned at trial, but that the prior knowledge did not affect her verdict. In short, the record supports a finding that Kinney was a fair and impartial juror.
Determinations of the credibility of witnesses are primarily for the trial court as the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Therefore, the trial court was entitled to place more credit upon the testimony of Kinney and Patterson than on that of Fletcher, who testified that he knew Nelloms from school.
We find no abuse of discretion on this record in the overruling of Nelloms' motion for a new trial.
We next address Nelloms' claim of ineffective assistance of counsel. Specifically, Nelloms contends that trial counsel was ineffective for failing to: (1) challenge the expansive dates contained within the indictment; (2) file a motion for a bill of particulars; (3) challenge jurisdiction in regard to the crimes committed in Kentucky; (4) use a majority of Nelloms' proposed witness list; (5) prepare witnesses in regard to a "prior incident of penetration when [his daughter] was sexually assaulted by some older girls with a pencil"; and (6) prepare an expert to refute the testimony of Dr. Ralph Hicks of Children's Medical Center, who testified that, in his opinion, the child had been sexually abused.
In order to demonstrate ineffective assistance of counsel, Nelloms is required to show that trial counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two and three of the syllabus.
We begin with the claim that trial counsel was ineffective for failing to challenge the dates contained in the indictment. According to the indictment, Nelloms committed all ten counts between October 1, 1995 and June 30, 1996. Nelloms contends that he was unable to "testify as to his actions for every minute of every day of day of every month listed during the timespan," and that with a more specific time-frame he could have given an alibi or challenged every count.
In this case, Nelloms did not present any notice of intent to present an alibi. There is nothing in the record to establish that Nelloms would have been likely to have been able to establish an alibi had the times of the alleged offenses been specified more precisely. There is no question that Nelloms lived with his daughter during this period, and had access to her.
Next, we note that the record affirmatively demonstrates that trial counsel did file a motion for a bill of particulars, and that the State responded thereto. Therefore, the claim that counsel did not seek a bill of particulars is not well-taken.
We further note that while the claim that counsel failed to challenge the trial court's jurisdiction over the crimes committed in Kentucky has merit, our disposition of those convictions in connection with Nelloms' First Assignment of Error, above, renders this claim moot.
We next turn to the claims that trial counsel failed to use most of the people on Nelloms' witness list. It is clear from the record that many of the witnesses listed on Nelloms' witness list were not called to testify at trial. Nelloms contends that "several of the witnesses who were not used were important" to his defense. Specifically, he argues that the testimony of his former girlfriend's children would have refuted or called into question the victim's allegations because they slept, and were present, in the same bedroom in which some of the incidents occurred. In regard to the rest of the listed witnesses who were not called, Nelloms fails to state how their testimony would have helped him or how he was prejudiced by the failure to call them.
We note that the record does not contain any hint of what the children would have testified to, or how that testimony would have refuted the claims of the victim. Instead, the record indicates that although the children were in the same room during some of the incidents, they were sleeping and unaware of activity. Therefore, we cannot, on the record before us, find that the failure to call young children to testify rises to the level of ineffective assistance of counsel.
In regard to Nelloms' contention that trial counsel failed to prepare appropriate witnesses regarding the victim's prior sexual abuse, we note that this claim is not supported by the record. It is clear from the record that trial counsel attempted to call two witnesses to testify to this matter, but the trial court denied the request on the basis that the testimony constituted inadmissible hearsay. Trial counsel then preserved on the record what the anticipated testimony would have been. There is no evidence in the record to indicate that the two witnesses were not properly prepared. Rather, the trial court merely excluded their testimony. Therefore, we find this claim without merit.
Finally, we turn to Nelloms' claim that trial counsel was ineffective for failing to prepare an expert to refute the State's expert. This court has held that a claim of ineffective assistance of counsel based upon the failure to present expert testimony is a matter "which must be determined dehors the record." State v. Chinn (Aug. 21, 1998), Montgomery App. No. 16764, unreported. It cannot be said, from a review of the record before us, that the failure to present an expert for the defense rises to the level of ineffective assistance of counsel.
The Third Assignment of Error is overruled.
 V
Nelloms' First Assignment of Error having been sustained in part, and the Second and Third Assignments of Error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded with instructions to dismiss Counts I, II, III and V of the indictment, for lack of subject-matter jurisdiction, and to enter an appropriate sentence on Counts VI, VIII, IX and X. The trial court is reminded of its obligations under NorthCarolina v. Pierce (1969) 395 U.S. 711, if it considers imposing a harsher sentence upon remand after a partially successful appeal.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Cheryl A. Ross
Charles W. Slicer, III
Hon. John W. Kessler
[1] The counts contained in the indictment are as follows:
 Count I — Felonious Sexual Penetration Counts II, III and V-X — Rape Count IV — Attempted Forcible Rape.
[2] The child was under the age of thirteen at the time the crimes were committed.