JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Duane Kilton, appeals his conviction by the Cuyahoga County Court of Common Pleas, Criminal Division, of which he was found guilty of felonious assault, in violation of R.C. 2903.11, a felony of the second-degree.[1]
 {¶ 2} The instant matter stems from a domestic incident which occurred on August 6, 2001. Prior to August 6, 2001, Kimberly Kilton ("the victim") had separated from her husband, the appellant, and began to reside at her parents' home with her three children. On August 6, 2001, the victim worked her regular shift as a waitress at the Cannery Restaurant in Sagamore Hills, Ohio, in Summit County. At approximately 7:30 p.m., she left work and, while walking to her vehicle, she noticed the appellant sitting in his vehicle in the restaurant parking lot. He repeatedly gestured to her in an effort to speak with her, but rather than talk to him, she proceeded to her vehicle and began to exit the restaurant parking lot.
 {¶ 3} As she waited to exit the lot, the appellant pulled his vehicle behind hers and began to bump her vehicle. She then turned westbound out of the lot onto Route 82, and the appellant followed in close proximity. As the two vehicles traveled westbound on Route 82, the appellant continued to repeatedly bump the victim's vehicle and gesture to her to pull over. The appellant continued to bump and hit her vehicle as the two vehicles traveled westbound on Route 82 into Cuyahoga County. After crossing completely into Cuyahoga County, the appellant caused the victim's vehicle to spin off the road. He then attempted to block her vehicle from leaving, but she managed to maneuver around the appellant's vehicle and continued back onto Route 82 westbound.
 {¶ 4} Several witnesses observed the appellant hitting and bumping the victim's vehicle and notified the authorities. Thereafter, Officer Butts of the Brecksville Police Department, in response to a radio broadcast concerning two vehicles involved in "road rage" traveling westbound on Route 82, positioned his squad car on Route 82. The officer testified that the victim's vehicle was the first to approach. He further testified that the victim passed him, slammed on her brakes, exited her vehicle and approached him in a frantic manner. Next, the officer testified that the appellant's vehicle approached, missing a left front wheel and making sparks and grooves in the pavement.
 {¶ 5} As a result of this incident, the appellant was charged with the aforementioned offenses and was eventually convicted. It is from this conviction that he now appeals, presenting two assignments of error for this court's review. His first assignment of error states:
 {¶ 6} "I. Appellant's conviction and sentence are plain error because the trial court lacked jurisdiction when the state failed to establish venue beyond a reasonable doubt."
 {¶ 7} The appellant contends the lower court lacked jurisdiction to hear the instant matter because the state failed to establish that the criminal offense or elements thereof for which the appellant was charged were committed within the lower court's jurisdiction. The appellant points out that witnesses to the offense testified that their observations occurred in Summit County, prior to the vehicles entering Cuyahoga County, and when questioned concerning occurrences in Cuyahoga County, the witnesses were unclear or uncertain of said conduct occurring in Cuyahoga County. Accordingly, the appellant contends the state failed to establish jurisdiction in Cuyahoga County. For the following reasons, we find no merit to the appellant's first assignment of error.
 {¶ 8} First, the appellant failed to object to the issue of venue below. If issues of venue are not raised before trial begins, they will be considered waived on appeal. State v. Williams (1988), 53 Ohio App.3d 1,5. Nevertheless, plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Crim.R. 52. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon, (1995),102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.State v. Waddell,(1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips
(1995), 74 Ohio St.3d 72, 83.
 {¶ 9} In reviewing the record, it is abundantly clear that the issue of venue was established for this crime. The Ohio constitution guarantees to its citizens "a speedy trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Section 10, Article 1, Ohio Constitution. The constitutional principle was embodied by the legislature in R.C. 2901.12, which provides that "the trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." (Emphasis added.) The statutory "any element" rule was approved by the Ohio Supreme Court in State v. Draggo (1981), 65 Ohio St.2d 88.
 {¶ 10} The relevant statute, R.C. 2901.12, provides, in subsection (G), that venue lies in any jurisdiction in which an offense or any element of an offense is committed and further provides, in subsection (H), when an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima facie evidence of a course of criminal conduct: (1) The offenses involved the same victim, or victims of the same type or from the same group; (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another; (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective; (4) The offenses were committed in furtherance of the same conspiracy; (5) The offenses involved the same or a similar modus operandi; (6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination and when an offender commits offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which the offender committed one of the offenses or any element thereof. See, also, State v. Beuke (1988),38 Ohio St.3d 29.
 {¶ 11} Accordingly, in the instant matter, the record reflects that the appellant began to terrorize the victim as she attempted to leave her place of employment in Summit County by bumping her vehicle with his vehicle. As the victim proceeded westbound on Route 82, the appellant continued to bump and hit the victim's vehicle until it spun off the road in Cuyahoga County. Thereafter, the victim was able to maneuver her vehicle around the appellant's vehicle and continue on Route 82 westbound until she was able to reach the safety of an awaiting police officer with the Brecksville Police Department. Additionally, notwithstanding witness testimony outlining the acts of the appellant, the victim herself testified that the appellant intentionally hit her car after crossing into Brecksville (Cuyahoga County) and that the appellant forced her car from the road in Brecksville (Cuyahoga County).
 {¶ 12} As such, and in light of the above, it is clear that venue was established in the instant matter. The course of conduct by the appellant began in Summit County, but clearly continued into Cuyahoga County, at which point the authorities were able to stop the appellant's acts of terror against the victim. The record reflects that the appellant bumped the victim's vehicle and caused her to spin out in Cuyahoga County. This court would be hard pressed to find a clearer case of a continued course of criminal conduct spanning several jurisdictions. Therefore, since the appellant committed offenses in different jurisdictions as part of a course of criminal conduct, venue lies for all the offenses in any jurisdiction in which the offender committed one of the offenses or any element thereof. See State v. Beuke, supra.
 {¶ 13} The appellant's second assignment of error states:
 {¶ 14} "II. Appellant's conviction and sentence are contrary to law because the conviction is not supported by the evidence."
 {¶ 15} In his second assignment of error, the appellant argues that his conviction for felonious assault is 1) against the manifest weight of the evidence and 2) is not supported by the evidence. For the following reasons, the appellant's second assignment of error is without merit.
 {¶ 16} When a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 17} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v.Florida (1982), 457 U.S. 31, where the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 18} Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 19} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 20} Under a sufficiency of the evidence claim, an appellate court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Stallings (2000), 89 Ohio St.3d 280, 289. A question of sufficiency of the evidence presents a question of law, it does not allow the reviewing court to weigh the evidence. Martin at 172.
 {¶ 21} In asserting his second assignment of error, the appellant, as duly noted by the state, rehashes arguments presented in his first assignment of error concerning venue, which this court determined to be without merit. Accordingly, the only new argument presented by the appellant in his second assignment of error is that while in Cuyahoga County, the victim was the aggressor and no evidence directly links the appellant to acts constituting felonious assault in Cuyahoga County.
 {¶ 22} R.C. 2903.11(A) defines felonious assault and states:
 {¶ 23} "(A) No person shall knowingly:
 {¶ 24} "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordinance."
 {¶ 25} In reviewing the record and evidence presented at trial, it is clear that the appellant caused or attempted to cause physical harm to the victim utilizing his vehicle as a deadly weapon. It is well established that an automobile can be classified as a deadly weapon under R.C. 2923.11 when used in a manner likely to produce death or great bodily harm. State v. Prince (Nov. 19, 1992), Cuyahoga App. No. 61342. In determining whether an automobile is a deadly weapon, a court should not only consider the intent and mind of the user, but also the nature of the weapon, the manner of its use, the actions of the user, and the capability of the instrument to inflict death or serious bodily injury.State v. Upham (May 12, 1997), Butler App. No. CA96-08-157. The question of whether an automobile is used as a deadly weapon is a question of fact for the trier of fact. Id.
 {¶ 26} The testimony of the victim reflects that the appellant repeatedly bumped and hit her vehicle with his vehicle. In doing so, the appellant's intentional acts were knowing and done in an attempt to cause physical harm to the victim. The fact that the appellant repeatedly hit and bumped the victim's vehicle as traffic approached, while crossing over a bridge, and thereafter forced her vehicle from the road clearly manifests the intent of the appellant to cause her physical harm. Further, the fact that the appellant utilized his vehicle to carry out the instant acts of aggression clearly reflects the fact that the vehicle was utilized as a deadly weapon.
 {¶ 27} In asserting the instant appeal, the appellant places a great emphasis on the fact that several witnesses could not specifically place these acts in Cuyahoga County. Notably, the appellant fails to recognize the testimony of the victim and her recollection of the instant matter. It is without dispute that the events of the evening began in one county and continued into another, and witness accounts varied as to the specific location as the incident barreled down the road. Nevertheless, it is without dispute that the appellant started to hit and bump the victim's vehicle with his vehicle as she attempted to leave her place of work and continued this deadly act into Cuyahoga County at which point the authorities were able to intervene.
 {¶ 28} Accordingly, this court will not disturb the verdict of the lower court. The evidence and the record indicate that the state presented sufficient evidence to support the appellant's conviction, and the verdict of the jury was not against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate
pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND DIANE KARPINSKI, J., CONCUR.
[1] The appellant was indicted charging felonious assault, in violation of R.C. 2903.11, and domestic violence, in violation of R.C. 2919.25. The trial court bifurcated the proceedings with only the first count, felonious assault, being presented to the jury. The appellant executed a jury waiver on the domestic violence charge and stipulated to a prior domestic violence conviction. Thereafter, the appellant was found guilty by the trial judge of domestic violence as charged in count two.