DECISION AND JUDGMENT ENTRY
{¶ 1} After being convicted, in the Vinton County Court, of driving an overloaded truck, Robert Miller appeals based upon his contention that his trial occurred in the wrong county. The trooper who cited Miller first observed his truck in Vinton County, but did not stop it until the vehicle was in Meigs County. Since the trooper did not suspect that the truck was overloaded until after it reached Meigs County, Miller contends his trial in Vinton County was improper under Ohio's venue statute.
 {¶ 2} R.C. 2901.12 provides that venue is proper in any county in which the offense or any part of it occurs. Because the trooper testified that he never lost sight of the vehicle after he first observed it in Vinton County and that no changes occurred to its load, deductive logic compels the conclusion that the truck was overloaded while traveling the public road there. Thus, Vinton County was a proper venue and we affirm appellant's conviction.
 {¶ 3} Appellant was charged with gross overload, in violation of R.C. 5577.04(D), which provides that it is illegal to operate an overweight truck on public roads. Prior to trial, the parties stipulated as to all elements of the offense, except venue. The trial court then held a bench trial where the sole issue was whether venue in Vinton County was proper.
 {¶ 4} At the hearing, Ohio State Highway Patrol Sergeant Stephen A. Belyus stated that he first observed appellant while the sergeant was traveling westbound on State Route 32, about one mile to one and one-half miles inside of Vinton County. Sergeant Belyus testified that appellant was traveling eastbound. He noticed that the trailer lights on appellant's semi-truck were not working, so he decided to stop the vehicle. As he followed the vehicle, he noticed it "pulling hard going" on the upgrade "that one experiences traveling from Vinton County to Meigs County." When Sergeant Belyus finally stopped the vehicle, the truck was in Meigs County. He then weighed the vehicle in Athens County. Belyus also testified that he never lost sight of the truck from the time he first observed it in Vinton County until he stopped it in Meigs County and weighed it in Athens County. He stated that nothing was added to the load during that period. Accordingly, he deduced that nothing changed the weight of the vehicle from the time he observed it until he weighed it.
 {¶ 5} The trial court subsequently found that venue was proper in Vinton County. Appellant timely appealed the trial court's judgment and assigns the following error: "The trial court erred in finding that venue was proper in Vinton County for the charge of gross overload in violation of R.C. 5577.04(D), when the truck was stopped in Meigs County and weighed in Athens County. Venue would have been proper in either Meigs or Athens County."
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by determining that venue was proper in Vinton County. He contends that venue would have been proper in either Meigs County, where the vehicle was stopped, or Athens County, where the vehicle was weighed. He argues that Vinton County was improper because the officer had no reason to believe the truck was overloaded during the brief period the officer observed the truck in that county.
 {¶ 7} A trial court's venue ruling generally rests in the sound discretion of the trial court. Thus, we will not disturb its decision absent an abuse of that discretion. See State v.Maurer (1984), 15 Ohio St.3d 239, 250, 473 N.E.2d 768. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. See, e.g., State v.Irwin, Hocking App. Nos. 03CA13 14, 2004-Ohio-1129, at ¶ 23.
 {¶ 8} Venue refers to the appropriate place of a criminal prosecution within the state of Ohio. See, e.g., State v.Williams (1988), 53 Ohio App.3d 1, 5, 557 N.E.2d 818. Venue is a fact that must be proven beyond a reasonable doubt in criminal prosecutions unless the issue is waived by the defendant. SeeState v. Beuke (1988), 38 Ohio St.3d 29, 41, 526 N.E.2d 274;State v. Headley (1983), 6 Ohio St.3d 475, 477, 453 N.E.2d 716;State v. DeBoe, Huron App. No. H-02-057, 2004-Ohio-403.
 {¶ 9} R.C. 2901.12 governs venue in criminal trials and reads in part: "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
 {¶ 10} In this case, the plain language of the venue statute permitted appellant's trial to occur in Vinton or Meigs County. Under R.C. 2901.12(A), Vinton County is proper because, as Sergeant Belyus testified, he observed appellant's vehicle in Vinton County. He stopped the vehicle without loosing sight of it and observed no additions to its load. Thus, he could deduce that the truck weighed the same in Vinton County as it did in Athens County. Because the truck was overloaded in Vinton County, the fact that the officer did not suspect that condition until the vehicle reached Meigs County is immaterial. R.C. 5577.04(D) makes it illegal to operate an overloaded vehicle on public roads. Deductive logic leads to the inevitable conclusion that the appellant did so in Vinton County where he was first observed by the trooper. Thus, the trial court did not abuse its discretion by finding venue to be proper in Vinton County.
 {¶ 11} Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court to carry this judgment into execution.
If a Stay of execution of sentence and release upon bail has been previously granted by the trial COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.