[Cite as *State v. White*, 2011-Ohio-4089.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95066**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY WHITE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534866

**BEFORE:** Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Melissa Riley
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

**{¶ 1}** Appellant, Anthony White, appeals his convictions for drug possession of crack cocaine and oxycodone.   After careful review of the record and relevant case law, we affirm.

**{¶ 2}** On December 4, 2009, Cleveland Police Officer Matthew J. Slatkovsky observed appellant disobey a traffic sign and initiated a traffic stop of his vehicle.   As Officer Slatkovsky was exiting his police vehicle, he observed appellant lean over toward the passenger side of the vehicle.

Thereafter, Officer Slatkovsky discovered that appellant was driving with a suspended license, and appellant was placed under arrest. Once appellant was placed in the police vehicle, Officer Slatkovsky conducted a tow inventory search of appellant's vehicle and discovered 5.62 grams of crack cocaine in a plastic baggie. Officer Slatkovsky testified that the plastic baggie was wedged between the vehicle's center console and front passenger seat. Officer Slatkovsky also recovered nine oxycodone pills from the vehicle's center console.

{¶ 3} Testimony adduced at trial indicated that appellant was not the owner of the vehicle searched by Officer Slatkovsky. Appellant testified that he borrowed the vehicle from a friend shortly before he was stopped and had no knowledge that drugs were present in the vehicle.

{¶ 4} Appellant was indicted on March 12, 2010 under a four-count indictment that included the following charges: Count 1, drug trafficking in violation of R.C. 2925.03(A)(2) with a schoolyard specification, in violation of R.C. 2925.01(P); Count 2, drug possession of crack cocaine in violation of R.C. 2925.11; Count 3, drug possession of oxycodone in violation of R.C. 2925.11; and Count 4, possession of criminal tools in violation of R.C. 2923.24.

{¶ 5} On April 7, 2010, the matter proceeded to a bench trial, and appellant was found guilty of drug possession of crack cocaine and drug possession of oxycodone. He was acquitted on the remaining counts. At the

sentencing hearing, the trial court sentenced appellant to an aggregate one-year term of imprisonment.

{¶ 6} Appellant appeals, raising two assignments of error for our review:

{¶ 7} "I. "The indictment fails to allege venue or jurisdiction for the offenses alleged in Counts 2 and 3, respectfully."

{¶ 8} "II. "The trial court erroneously considered incompetent and unqualified testimony from a Cleveland Police Detective regarding fingerprint analysis."

**Law and Analysis**

**I.**

{¶ 9} Appellant first argues that the indictment fails to allege venue or jurisdiction for the offenses alleged in Counts 2 and 3. We disagree.

{¶ 10} In the indictment, Count 1 states, in relevant part:

{¶ 11} "Jurors of the Grand Jury of the State of Ohio within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant, on or about the date of the offense set forth above, *in the County of Cuyahoga*, unlawfully * * *."   (Italics added.)

{¶ 12} Counts 2 and 3 state, in relevant part:

**{¶ 13}** "Grand Jurors, on their oaths, further find that the Defendant unlawfully * * *."

**{¶ 14}** Appellant contends that the language used in Counts 2 and 3 of the indictment was insufficient to establish venue or jurisdiction because it did not specifically state that his drug possession offenses occurred "in the County of Cuyahoga."

**{¶ 15}** Generally, the indictment need only state in general terms that the court has jurisdiction over the subject matter and that the offense was committed in the territory encompassed by the court. *State v. Bragg* (Sept. 5, 1996), Cuyahoga App. No. 70461. In *State v. Williams* (1988), 53 Ohio App.3d 1, 557 N.E.2d 818, the Tenth District reviewed circumstances similar to those presented to this court. In *Williams*, the court held that where an indictment consisted of 12 counts, it was sufficient to allege once that the offenses occurred in Franklin County. Id. The *Williams* court relied on R.C. 2941.08(F), which provides that an indictment is not invalid for failure to allege the time or place of a material fact when the time and place have once been stated within the indictment. We find *Williams* applicable herein.

**{¶ 16}** Upon review of the indictment as a whole, it is clear that the language used throughout the indictment alleged that each of the four counts charged in appellant's indictment took place in Cuyahoga County on December 4, 2009. Analogous to *Williams*, Count 1 of appellant's indictment

clearly states that the grand jury found that the offense occurred in Cuyahoga County. Since the jurisdiction of the court was once stated, the subsequent counts were not required to reiterate it. R.C. 2941.08(F).

{¶ 17} Appellant's first assignment of error is without merit.

## II.

{¶ 18} In his second assignment of error, appellant argues that the trial court erroneously considered incompetent and unqualified testimony from Detective James Cudo. We disagree.

{¶ 19} At trial, Det. Cudo, of the Cleveland Police Department, was qualified as an expert witness in drug trafficking in Cuyahoga County. Based on his training and experience, Det. Cudo testified that crack cocaine is often sold out of large clear plastic baggies without any further packaging. Det. Cudo further testified that in his 17 years as a police detective, he has submitted hundreds of plastic baggies for fingerprint analysis and has never received a usable fingerprint back.

{¶ 20} Initially, appellant contends that Det. Cudo's testimony regarding fingerprint analysis relied on statements made to him by forensic examiners, and therefore constituted hearsay testimony. Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Under the terms of Evid.R. 802, a witness is barred on

hearsay grounds from testifying as to the statement made by another when the statement is offered to prove the truth of the matter asserted in the statement, and when the statement falls outside any exception to the rule against hearsay. *State v. Carter*, 72 Ohio St.3d 545, 1995-Ohio-104, 651 N.E.2d 965.

**{¶ 21}** "To be inadmissible as hearsay, therefore, the witness must testify about a statement. It follows that when the witness merely testifies about his own declarations or observations, or actions taken as a result of another's decisions, this testimony does not fit the definition of Evid.R. 801(C), and it is not prohibited by Evid.R. 802." *State v. Durham*, Cuyahoga App. No. 94747, 2011-Ohio-2256, ¶33, citing *State v. Mills* (Mar. 20, 1997), Cuyahoga App. No. 69788.

**{¶ 22}** In the case subjudice, the testimony of Det. Cudo did not rely on the inadmissable statements of others. Rather, his testimony was based on his own personal observations and did not involve any statements made to him by forensic examiners. Det. Cudo merely testified that, in his experience, forensic examiners were rarely able to retrieve a usable fingerprint from a plastic baggie submitted for analysis. Therefore, Det. Cudo's testimony does not fit the definition of Evid.R. 801(C), and his testimony did not constitute inadmissible hearsay.

{¶ 23} Additionally, appellant contends that Det. Cudo's testimony relating to the forensic examiner's inability to retrieve a usable fingerprint from the plastic baggie was outside his purported expertise as a drug trafficking expert.

{¶ 24} Evid.R. 702, which controls the admission of expert testimony during the course of trial, provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Ohio courts have allowed the qualification of police officers as expert witnesses to expound about drugs and drug practices. *State v. Hancock*, Jefferson App. No. 09-JE-30, 2010-Ohio-4854, ¶48; *State v. Ross*, Montgomery App. No. 19036, 2002-Ohio-6084, ¶14; *In re Litterst* (June 26, 1998), Lake App. Nos. 97-L-135 and 97-L-136, fn.3; *State v. Campa*, Hamilton App. No. C-010254, 2002-Ohio-1932, ¶5.

{¶ 25} It is well established that rulings concerning the admissibility and scope of expert testimony are within the broad discretion of the trial court and will not be reversed on appeal absent a clear showing of an abuse of discretion. *Pacific Great Lakes Corp. v. Bessemer & Lake Erie R.R.* (1998), 130 Ohio App.3d 477, 501, 720 N.E.2d 551. An abuse of discretion implies an unreasonable, arbitrary, unconscionable attitude by the trial court. Id.

{¶ 26} In this matter, Det. Cudo's testimony relating to his experience with fingerprint analysis was within the scope of his expertise. Det. Cudo was qualified as an expert in the field of drug trafficking based on his substantial training and experience in drug investigations. This expertise allowed Det. Cudo to testify to matters beyond the knowledge or experience of a layperson. As stated, Det. Cudo testified that he has submitted hundreds of plastic baggies for analysis over the course of his career and rarely was able to secure a usable fingerprint. This testimony was based on Det. Cudo's personal observations in the field of drug trafficking and was admissible to assist the jury in understanding that, in Det. Cudo's experience, the failure to retrieve a usable fingerprint from a plastic baggie was not uncommon.

{¶ 27} Appellant's second assignment of error is without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR