[Cite as *State v. Smith*, 2014-Ohio-4019.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CA 15 |
| WILLIAM E. SMITH | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 09 CR 096H


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 12, 2014


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JAMES J. MAYER, JR.    WILLIAM PAUL BRINGMAN
PROSECUTING ATTORNEY    13 East College Street
JOHN C. NIEFT    Fredericktown, Ohio 43019-1192
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

*Wise, J.*

{¶1}   Appellant William E. Smith appeals from his conviction and sentence entered in the Richland County Common Pleas Court following a guilty plea.

{¶2}   Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3}   In 1992, Appellant was convicted of felonious assault and sentenced to serve five (5) to fifteen (15) years incarceration. Appellant was paroled May 1, 2008, and was ordered to report to a halfway house at Crossroads.  Appellant failed to report to either his parole officer or the halfway house.

{¶4}    On February 9, 2009, the Richland County Grand Jury indicted appellant, William E. Smith, on one count of escape in violation of R.C. §2921.34(A)(1), a felony of the second degree.

{¶5}   On October 3, 2013, Appellant was arraigned and entered a plea of not guilty.

{¶6}   On February 3, 2014, Appellant changed his plea to no contest, which was accepted by the trial court.

{¶7}   The trial court found Appellant guilty and sentenced Appellant to two years incarceration concurrent to the remainder of the sentence he was previously serving on the underlying case.

{¶8}   Appellant filed an appeal, and this matter is now before this Court for consideration.  The sole Assignment of Error is:

{¶9}   "THE TRIAL COURT ERRED IN NOT DISMISSING THE INDICTMENT FOR APPELLEE'S FAILURE TO PROVIDE TERRITORIAL JURISDICTION

INFORMATION TO ESTABLISH SUBJECT MATTER JURISDICTION IN THE TRIAL COURT."

I.

{¶10} Appellant claims the trial court lacked subject matter jurisdiction and that the indictment should be dismissed because it failed to allege the state in which the events resulting in the criminal charges occurred, and further claims that the trial court should not have accepted his no contest plea. We disagree.

Indictment

{¶11} Crim.R. 7(B) sets forth the nature and contents of an indictment and states it shall "contain a statement that the defendant has committed a public offense specified in the indictment. *** The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved."

{¶12} R.C. §2901.11 governs criminal law jurisdiction. Subsection (A)(1) states:

{¶13} "A person is subject to criminal prosecution and punishment in this state if any of the following occur: *** The person commits an offense under the laws of this state, any element of which takes place in this state."

{¶14} Subsection (D) states the following:

{¶15} "When an offense is committed under the laws of this state, and it appears beyond a reasonable doubt that the offense or any element of the offense took place either in this state or in another jurisdiction or jurisdictions, but it cannot reasonably be determined in which it took place, the offense or element is conclusively presumed to have taken place in this state for purposes of this section."

**{¶16}** The single count contained in the  indictment alleged the jurisdiction to be "at the County of Richland" and  was prefaced by the following:

INDICTMENT FOR: **ESCAPE**
THE STATE OF OHIO, RICHLAND COUNTY, SS.
COURT OF COMMON PLEAS."

Of the term of January in the Year of our Lord two thousand nine.

The jurors of the grand jury of the State of Ohio, within and for the

body of the County aforesaid, on their oaths, in the name and by

the authority of the State of Ohio, do find and present that:

**{¶17}** We find this language is sufficient to establish the jurisdiction of the state of Ohio, Richland County.  *State v. Hamilton*, 5th Dist Richland No. 13CA93, 2014-Ohio-3171.  As explained by the Tenth District in *State v. Williams,* 53 Ohio App.3d 1, *4 (10th Dist.1988):

**{¶18}** "However, R.C. 2901.11(D) provides that, when an offense is committed under the laws of this state and it appears beyond a reasonable doubt that the offense or any element took place either in Ohio or in another jurisdiction and it cannot reasonably be determined in which it took place, such offense or element is *conclusively presumed* to have taken place in *this state* for purposes of this section.

**{¶19}** "Appellees are accused of committing offenses under the laws of this state, *i.e.,* R.C. 2913.02(A)(3), which is theft by deception, and also R.C. 2913.31(A)(3), which is uttering or possessing with purpose to utter any writing which he knows to have been forged.  Assuming, *arguendo,* that we do not know in which state these offenses were performed under R.C. 2901.11(D), Ohio still claims subject matter jurisdiction over the offenses."

**{¶20}** Upon review, we find the indictment was not defective.

## No Contest Plea

**{¶21}** Appellant argues that at the change of plea hearing, the trial court erred in addressing him as if he were entering a plea of "guilty" rather than a plea of "no contest."

**{¶22}** Pursuant to Crim.R. 11(C):

**{¶23}** "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶24}** " ***

**{¶25}** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."

**{¶26}** Because the rights contained in Crim.R. 11(B) and 11(E) are nonconstitutional, appellant must show that he suffered some prejudice from the court's error. *State v. Jones*, 116 Ohio St.3d 211, 877 N.E.2d 677, 2007 Ohio 6093. The test for prejudice is "whether the plea would have otherwise been made." *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). A defendant who has entered a guilty or no contest plea without asserting actual innocence is presumed to understand the effect of the plea, and the court's failure to inform the defendant of the effect of the plea as required by Crim.R. 11 is presumed not to be prejudicial. *See Griggs* at syllabus.

**{¶27}**  Upon review, while it does appear that during part of the plea colloquy, the trial court did refer to the plea as a "Guilty" plea, at the end of the colloquy, the trial court corrected itself and properly outlined the effects of a "No Contest" plea to Appellant.

**{¶28}**  The trial court stated:

**{¶29}**  "In any event, I am willing to accept a no contest plea. Bly pleading no contest you are saying I don't contest the allegations that are made against me, I contest their legal value, but I don't contest the allegations.

**{¶30}**  ***

**{¶31}**  "Because I believe those allegations constitute a crime of escape I'm going to find you guilty on your no contest plea, do you understand?"   (T. at 11).

**{¶32}**  Additionally, Appellant executed a plea form which outlined the effect of a "No Contest" plea.

**{¶33}**  Here, Appellant has not argued that he was prejudiced by the trial court's error. Moreover, there is no evidence of prejudice apparent on the record. Appellant, who was represented by counsel, never asserted his innocence in this matter. At the plea hearing, Appellant admitted that he wanted to change his plea to one of  no contest. Therefore, under the totality of the circumstances, we find no prejudice resulting from the court's error.

**{¶34}**  Appellant's sole Assignment of Error is denied.

**{¶35}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.


By: Wise, J.

Hoffman, P.  J., and

Farmer, J., concur.


JWW/d 0908